# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Soto-Bojorquez,<br><br>Petitioner,<br><br>v.<br><br>USA,<br><br>Respondent. | No. CV-18-01603-PHX-DLR (JFM)<br>No. CR-18-00161-DLR-1<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 12) regarding Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1). The R&R recommends that the motion and a Certificate of Appealability be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on June 4, 2019 (Doc. 15) and Respondent filed its response on June 11, 2019 (Doc. 18).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that, even if Petitioner's sentence was six months greater than the high end of the range counsel advised him he was facing, Petitioner has failed to show that counsel performed deficiently. Because of the variety of facts that must be gathered and considered in calculating the advisory guideline range, it typically is not possible for defense counsel to know with precision what the final guideline range will be until all the facts have been gathered and

1 addressed in a guideline calculation.

2 The Magistrate Judge also correctly found no prejudice to Petitioner, even if his counsel's miscalculation of the guidelines constituted deficient performance. Petitioner does not allege in his motion that he would have gone to trial had he known the true guideline range. Had Petitioner claimed that, but-for counsel's advice, he would have gone to trial, that claim would have been implausible. The Magistrate Judge correctly observed the many factors militate against Petitioner taking the case to trial.

Petitioner's claim of ineffective assistance of counsel for counsel's failure to return his phone calls after sentencing does not establish deficient performance or prejudice. The Court acknowledges counsel has a duty to maintain communication with his client, but Petitioner has not alleged how the failure of counsel to communicate with him after sentencing would have made a difference in his sentencing. Sentencing had already occurred.

Petitioner's objection to the R&R raises a new argument. Petitioner argues that his conviction should be reversed and his sentence vacated because the crime of attempted illegal reentry requires the United States to prove that he had the specific intent to enter the United States free from official restraint, relying on *United States v. Castillo-Mendez,* 868 F. 3d 830 (9th Cir. 2017). This new argument cannot be raised for the first time in an abjection to the R&R. Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a § 2255 motion to "specify all the grounds for relief available to the moving party." More importantly, however, this argument is procedurally defaulted because it was not raised on direct appeal.

//
//
//
//
//
//

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 15) is **OVERRULED** and the R&R (Doc. 12) is **ACCEPTED**. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. A Certificate of Appealability is **DENIED**. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 21st day of June, 2019.

Douglas L. Rayes
United States District Judge